UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL HILL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRONCO BILLY'S CASINO,<br><br>Defendant. | Case No. 3:25-CV-1000-CCB-APR<br><br>w |

**OPINION AND ORDER**

Plaintiff sued Defendant on December 5, 2025, alleging fraudulent conspiracy. Defendant moved to dismiss, and this Court referred the motion to Magistrate Judge Rodovich for a Report and Recommendation. Plaintiff has objected, and the Court now rules.

## BACKGROUND

Plaintiff Michael Hill has proceeded pro se against Defendant Billy Bronco's Casino ("Casino"), alleging that the Casino was directly or vicariously involved in a conspiracy with Plaintiff's wife to provide some (unidentified) false information or testimony to local law enforcement authorities, leading to Plaintiff's eventual arrest and conviction. Plaintiff alleges that he visited the Casino on October 10, 2009, while he was staying with his wife. (ECF 1-1 at 7). On October 14th, members of the Cripple Creek Police Department entered Defendant's Casino and questioned his wife about a bruise on her face. (*Id.* at 7–7). This questioning led to an investigation where Defendant's

employees provided police with surveillance footage of an interaction between Plaintiff and his ex-wife at the Casino. (*Id.* at 8). Meanwhile, Plaintiff filed for divorce in Indiana state court on November 5, 2009, which was granted. (*Id.*). Plaintiff alleges that on December 17, 2009, he was arrested on unspecified charges. (*Id.* at 9–10). On December 5, 2025, Plaintiff sued Defendant, alleging that the Casino was part of a fraudulent conspiracy to implicate him in a crime. (ECF 1). Defendant moved to dismiss under Rules 12(b)(6), 12(b)(2) and 12(b)(3) on February 18, 2025. (ECF 12). On April 2, 2026, the Court ordered Magistrate Judge Andrew P. Rodovich to issue a Report and Recommendation on the motion to dismiss. (ECF 21). Judge Rodovich issued the Report and Recommendation on August 12, 2026, and Plaintiff filed an objection on August 25, 2026. (ECF 21). The Court now rules on the Report and Recommendation, reviewing it de novo under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).

## Analysis

In the Report, the Magistrate Judge recommended dismissal on the basis that (1) there was no personal jurisdiction over Defendant; (2) this Court was not the correct venue; and (3) Plaintiff's allegations did not plausibly state a claim under Rule 8(a)(2). On August 25, 2026, Plaintiff filed an objection to the Report and Recommendation. (ECF 22). But Plaintiff's objection does not actually address the arguments in the Report and Recommendation and merely provides an extensive restatement of his earlier allegations. In his Report, the Magistrate Judge explained that venue was improper because none of the alleged events relevant to this case occurred in the Northern District of Indiana and there are other suitable districts for litigation. (ECF 21 at 5–6). *See*

*Holmgren v. Allen*, 886 F. Supp. 641, 642 (N.D. Ill. 1994). Plaintiff does not respond to this point. Nor does Plaintiff explain how this Court has personal jurisdiction over a Defendant that has no contacts or residency in Indiana. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 551 (7th Cir. 2004); *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). It is true that, even when lacking personal jurisdiction, courts may transfer a case to a proper venue under 28 U.S.C. § 1406(a). However, courts will only transfer meritorious claims. *Poole v. Baker*, 874 F. Supp. 222, 224 (C.D. Ill. 1994) ("Transfer is not in the interest of justice if the Complaint is frivolous and additional adjudication a waste of judicial resources"). The Court also agrees with the Magistrate Judge that Plaintiff's complaint is deficient in several key respects. (*Id.* at 9).[1] It does not allege key facts (for example, what specific fraudulent statements were made by his wife) or concrete harm (for example, what his arrest and conviction was for, and how it was connected to the alleged fraudulent statements by his wife). *See Midwest Com. Banking v. Elkhart City Ctr.*, 4 F.3d 521, 524 (7th Cir. 1992)("[a] fraud complaint must explicitly set forth all the pertinent facts," including the "who, what, when, where, and how" of the alleged fraud.). Perhaps most problematically, it provides no detail on how Plaintiff's ex-wife's actions implicated Defendant as an employer, or how Defendant itself engaged in fraudulent activity or conspiracy with Plaintiff's ex-wife. This Court agrees with the Magistrate Judge's Report and finds that it is not in the interest of justice to transfer this

[1] While the Court can gauge the sufficiency of Plaintiff's claims for purposes of a § 1406(a) transfer, it cannot make a ruling on the merits because there is no personal jurisdiction. *See Sikhs for Just. v. Badal*, 736 F.3d 743, 751 (7th Cir. 2013) ("For without personal jurisdiction, a court has no authority to adjudicate a case on the merits.").

case under 28 U.S.C. § 1406(a) and that dismissal is proper under Rule 12(b)(2). Nor does Plaintiff's recently filed Motion to Supplement (ECF 23), which contains irrelevant court transcripts and text messages, alter this result.

## CONCLUSION

For the foregoing reasons the Court **ADOPTS** the Magistrate Judge's report (in part). (ECF 21). The Court **GRANTS** Defendant's Motion and the Case is **DISMISSED** solely on grounds of personal jurisdiction under Rule 12(b)(2). (ECF 12). Plaintiff's motion to supplement his objection is **DENIED** as **MOOT**. (ECF 23). The clerk is **DIRECTED** to close the case.

SO ORDERED on September 17, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT